[No. 22399. Department Two. September 5, 1930.]

WILLIAM BAKAMES *et al., Appellants,* v. GEORGE RALLAES *et al., Respondents.*[1]

*Edwin H. Flick,* for appellants.

*Roberts, Skeel & Holman, Wm. Paul Uhlmann, C. A. Schneider,* and *Walter B. Allen,* for respondents.

MITCHELL, C. J.—What would otherwise be called the NE¼ of the SE¼ of section 18, township 23 north, range 6 east, W. M., is a part of what is designated as lot 7 by the United States government survey, because it extends westward further than the limit of an ordinary forty-acre tract, to the shore of Meadow lake. The lot contains forty-nine acres.

On October 7, 1912, William Bakames, Tom Bakames and Nik Bakames, together with John Kritsonis, George Rallaes and John G. Treantefillou, were the purchasers and in the possession of, and later finished paying for, and received a deed of conveyance of, lot

[1]Reported in 290 Pac. 802.

7, and the SE¼ of the SE¼, and the E½ of the NE¼, section 18, township 23 north, range 6 east, W. M.; and on that date entered into a duly acknowledged written agreement dividing the property among themselves in such way that lot 7, described and mentioned as lot 7, was given and set apart to John Kritsonis, George Rallaes and John G. Treantefillou. The instrument was recorded March 5, 1913.

On July 6, 1918, the other five original purchasers delivered to John G. Treantefillou an instrument purporting to convey to him the north one-third of lot 7, mentioned in the instrument as the north one-third of the NE¼ of the SE¼ of the section, which has, since that date, by mesne conveyances, become the property of other parties who, on account of ownership or mortgage liens, have been made parties defendant. The deed of July 6, 1918, was recorded August 28, 1918. Also on July 6, 1918, the other original purchasers delivered to George Rallaes an instrument purporting to convey to him the middle one-third of lot 7, described by metes and bounds as being in the NE¼ of the SE¼ of the section, one of the calls of the description being running west 1,320 feet, "more or less to Meadow lake." (Appellants contend that the words "more or less to Meadow lake" were improperly inserted.) This deed was recorded on August 28, 1918. Also on July 6, 1918, the other original purchasers delivered to John Kritsonis an instrument purporting to convey to him the south one-third of lot 7, mentioned in the instrument as the south one-third of the NE¼ of the SE¼ of the section. This deed was recorded on August 18, 1918.

In March, 1929, William Bakames and wife, Tom Bakames and wife and Nik Bakames and wife brought this suit in equity against George Rallaes and wife, John Kritsonis and wife, John G. Treantefillou and

wife and others alleged to have or claim some interest in the property, praying for a judgment and decree that the plaintiffs be declared to have an interest in the west nine acres of lot 7, and that the judgment specifically define and describe such several interests, the theory of the suit being that the parties, original purchasers, at all times intended that the nine acres constituting the west end of lot 7 should be held in common, notwithstanding some descriptions in the written instruments between the parties to the contrary.

Upon proper answers consisting of general denials and other defenses, the case was tried without a jury, and, at the conclusion of the testimony on the part of plaintiffs, a challenge on the part of the defendants to the sufficiency of the evidence to warrant any relief to the plaintiffs was sustained, and a judgment entered that plaintiffs take nothing under their complaint. The plaintiffs have appealed.

There is no claim that there was any fraud in the transaction, only mistake. That there was any mistake, was denied, and certain of the respondents who were parties to the transaction so testified upon being called by appellants as witnesses in the case. The original agreement of October 7, 1912, to divide all the property of the parties, refers to that portion of it which includes the nine acres as lot 7, and the testimony is that, at once, the grantees, according to that division, took possession of the lot and continued that possession and control. John G. Treantefillou was not a party to the original purchase contract, and, prior to October 7, 1912, the Bakames's, among others, in making a partial assignment of the contract that they had with the owners, James Pitts and Thomas Pitts, described this property as lot 7.

In 1918, when it was still further attempted to con-

vey the lot to respondents by dividing it into thirds, those three parties took possession each of his one-third. That was more than ten years before this suit was brought, during all of which time, each, for himself or by and through his predecessors in interest, as we understand the proof, has held, occupied and controlled the same as against everybody else. Treantefillou sold his one-third to parties who have passed the title on to still others and who altogether have handled the property recognizing no rights in the appellants or any of them, and have been paying taxes on it during all these years. As to the other two-thirds, the owners Rallaes and Kritsonis have each occupied and improved his land, claiming it as his own, and paid taxes on it without let, hindrance or suggestion from the appellants or any of them.

In the complaint, appellants alleged that the nine acres involved were assessed each year to the three grantees proportionately as the owners of lot 7, but that such assessments were inadvertent and erroneous on the part of the assessor, and for which they alleged that they stood ready to make reimbursement to the proper parties in such amount as the court might determine. But they made no proof of any inadvertence or error on the part of the assessing officers, or that appellants at any time attempted to correct any supposed error in that respect, although, as was testified, the assessor regularly called upon them for descriptions of their property, which at no time referred to or included this nine acres or any portion of it.

Upon a fair consideration of the evidence in this case, we are satisfied that it clearly warrants the judgment dismissing the action.

Affirmed.

FULLERTON, MAIN, HOLCOMB, and FRENCH, JJ., concur.